IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

CHARLIE BRACKHAN                                                                                    PETITIONER
Reg. #19304-026

v.                                          2:21-cv-00102-LPR-JJV

JOHN P. YATES, Warden,
FCI – Forrest City Low                                                                              RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Lee P. Rudofsky. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. Failure to file timely objections may result in waiver of the right to appeal questions of fact. Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

### DISPOSITION

I.   PROCEDURAL HISTORY

On February 13, 2015, in the United States District Court for the Central District of Illinois, Petitioner Charlie Brackhan was sentenced to an aggregate term of 147 months' imprisonment on charges of manufacturing marijuana, discharge of a firearm in furtherance of a drug trafficking crime, and being a drug user in possession of a firearm. (Doc. No. 6 at 1). He was designated to

the Forrest City Low Federal Correctional Institution, where he is currently serving his sentence. *Id.* On August 5, 2021, Mr. Brackhan filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1). He alleges the conditions of his confinement violate his Eighth Amendment right to be free from cruel and unusual punishment. (*Id.* at 3). Specifically, he claims prison officials have been deliberately indifferent to his medical needs regarding a protruding hernia, which places his life at risk. (*Id.* at 3, 4-6). He seeks home confinement or, alternatively, immediate emergency care and surgery. (*Id.* at 6).

After careful consideration of Mr. Brackhan's Petition and the Response (Doc. No. 6), I find the Petition must be dismissed for lack of jurisdiction.

## II.   ANALYSIS

Mr. Brackhan's Eighth Amendment claim is outside the scope of habeas corpus. Relief in the form of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). As such, § 2241 provides a forum in which to challenge the legality of one's confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . . ."). Conversely, a challenge to the conditions of one's confinement is properly raised in a claim pursuant to the Civil Rights Act, 42 U.S.C. § 1983, or its federal analog, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Preiser*, 411 U.S. at 499; *Spencer v. Haynes*, 774 F.3d 467, 469-70 (8th Cir. 2014).

Mr. Brackhan states he seeks relief from custody due to conditions of confinement that are in violation of the Eighth Amendment. (Doc. No. 1 at 3). It is true that the United States Supreme Court in *Preiser* left open the possibility of habeas relief for a challenge to prison

conditions: "When a prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making the custody illegal." 411 U.S. at 499. But "[w]hile the Supreme Court has left the door open a crack for habeas corpus claims challenging prison conditions, it has never found anything that qualified." *Glaus v. Anderson*, 408 F.3d 382, 387 (7th Cir. 2005). And the United States Court of Appeals for the Eighth Circuit, like several other circuits, has adhered to its post-*Preiser* precedent: habeas corpus is not the proper forum for a constitutional claim relating to the conditions of confinement. *Spencer*, 774 F.3d at 470-71; *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). "Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ." *Kruger*, 77 F.3d at 1073. Accordingly, Mr. Brackhan's claim that prison officials have been deliberately indifferent to his medical needs is not cognizable in habeas corpus.

Regardless, Mr. Brackhan's request for home confinement is not a remedy this Court can provide. In accordance with 18 U.S.C. § 3621(b), "[t]he Bureau of Prisons shall designate the place of the prisoner's imprisonment," and "a designation of a place of imprisonment under this subsection is not reviewable by any court." Thus, the discretionary authority to place a prisoner on home confinement remains solely with the Bureau of Prisons. *Nichols v. Hendrix*, 2:20-cv-00109-LPR-JTR, 2020 WL 5201226, at 2-3 (E.D. Ark. June 12, 2020), *report and recommendation adopted*, 2020 WL 5115839 (E.D. Ark. Aug. 31, 2020); *United States v. Blaylock*, 1:12-cr-10010-001, 2020 WL 4344915, at 3-4 (W.D. Ark. June 1, 2020). Moreover, even if the designation of a place of imprisonment were reviewable, exhaustion of administrative remedies within the Bureau of Prisons would be a prerequisite. *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009); *Nichols*, 2020 WL 5201226, at 2. As is evident from the exhibit

attached to the Response, Mr. Brackhan does not appear to have completed the BOP's Administrative Remedy Program.  (Doc. No. 6-1 at 8, 17); *see* 28 C.F.R. § 542.10 *et seq*.

For these reasons, Mr. Brackhan's Petition must be dismissed without prejudice for lack of jurisdiction.

## III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Mr. Brackhan's § 2241 Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED and the requested relief be DENIED.

DATED this 18th day of October 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE